UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

EDWARD J. SMITH JR. and KATHY E. SMITH,

                        Plaintiff,

v.                                              Civil Action No. _____

ASSET MANAGEMENT OUTSOURCING
RECOVERIES, INC.,

                        Defendant.
_____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. INTRODUCTION**

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

**II. JURISDICTION AND VENUE**

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

**III. PARTIES**

4. Plaintiffs, Edward J. Smith Jr. and Kathy E. Smith, are natural persons residing in the County of Erie and State of New York are "consumers" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant, Asset Management Outsourcing Recoveries, Inc., is a foreign business corporation organized and existing under the laws of the State of Georgia and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

### IV. FACTUAL ALLEGATIONS

9. Upon information and belief, someone named Jackie Smith owes a debt. This debt will be referred to as the "subject debt."

10. Upon information and belief, subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. Jackie Smith does not live with Plaintiffs, is not related to Plaintiffs, and does not share a telephone number with Plaintiffs.

12. Upon information and belief, Defendant was employed by the original creditor or current account holder to collect on the subject debt.

13. In or about December, 2011, Defendant began calling Plaintiffs at their home telephone number multiple times per week, often multiple times per day, in an attempt to collect the subject debt.

14. During the first of these aforementioned calls, Plaintiff, Kathy E. Smith, informed Defendant that this was not her debt, that Jackie Smith did not live with her, and to stop calling. Defendant indicated they would remove Plaintiffs' telephone number from their system.

15. Defendant continued to call Plaintiffs and stated that they knew Jackie Smith was there, thus accusing Plaintiffs of lying. Plaintiffs repeatedly informed Defendant that Jackie Smith did not live with them and that they should stop contacting them.

16. Plaintiff Edward J. Smith Jr., also, on repeated occasions, told Defendant that Jackie Smith did not live there, that he was not related to Jackie Smith, and to stop calling Plaintiffs.

17. Despite Plaintiffs' repeated requests that Defendant stop calling them, Defendant has continued to call Plaintiffs.

18. As a result of Defendant's acts, Plaintiffs became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

19. Plaintiffs repeat, reallege, and incorporate by reference the allegations contained in paragraphs 1 through 18 above.

20. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(2) by using language the natural consequence of which is to abuse the hearer as described in paragraph 15.

    B. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by repeatedly causing Plaintiff's telephone to ring with the intent to annoy, abuse or harass.

    C. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2), 15 U.S.C. §1692f and 15 U.S.C. §1692f(1) by attempting to collect from Plaintiffs, who do not owe the subject debt.

21. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiffs became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiffs respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiffs demand trial by jury in this action.

Dated: April 24, 2012

          /s/ Kimberly T. Irving_____
Kimberly T. Irving, Esq.
Kenneth R. Hiller, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: kirving@kennethhiller.com
      khiller@kennethhiller.com